# UNITED STATES DISTRICT COURT
for the
District of Idaho
Southern Division

U.S. COURTS

AUG 0 1 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Allen W. Hodges

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:25-cv-00426-REP
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☒ No

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Canyon County Sheriff's Office
Canyon County Coroner
"See Attached"

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Allen W. Hodges |
| Address | 27803 Old Highway 30 |
| | Caldwell, Id, 83607 |
| | *City, State, Zip Code* |
| County | Canyon |
| Telephone Number | 2089498937 |
| E-Mail Address | allenwh@live.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Canyon County Sheriff's Office/ Kieran Donohue |
| Job or Title *(if known)* | Sheriff |
| Address | 1115 Albany St #137 |
| | Caldwell, Id, 83605 |
| | *City, State, Zip Code* |
| County | Canyon |
| Telephone Number | 208 454 7510 |
| E-Mail Address *(if known)* | |

[ ] Individual capacity   [✔] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Canyon County Coroner/ Jennifer Crawford |
| Job or Title *(if known)* | Coroner |
| Address | 1014 Belmont ST |
| | Caldwell, Id, 83605 |
| | *City, State, Zip Code* |
| County | Canyon |
| Telephone Number | 208 454 7350 |
| E-Mail Address *(if known)* | Jennifer.Crawford@canyoncounty.id.gov |

[ ] Individual capacity   [✔] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3
  Name: Steve Rhodes
  Job or Title (if known): Chief Deputy Coroner
  Address: 1014 Belmont ST
  City: Caldwell    State: Id    Zip Code: 83605
  County: Canyon County
  Telephone Number: 208 454 7350
  E-Mail Address (if known):
  [✓] Individual capacity    [✓] Official capacity

Defendant No. 4
  Name: Bryce Smith
  Job or Title (if known): Detective
  Address: 1115 Albany St #137
  City: Caldwell    State: Id    Zip Code: 83605
  County: Canyon
  Telephone Number: 208 455 5979
  E-Mail Address (if known):
  [✓] Individual capacity    [✓] Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

   [ ] Federal officials (a *Bivens* claim)

   [✓] State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
   4th Amendment Violations and 14th Amendment Violations

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## Additional Defendants

Canyon County Coroner Chief Deputy Steve Rhodes

Canyon County Sheriff Office Detective Bryce Smith

Canyon County Sheriff Office Deputy Darr Anderson

Defendant #5 Information

| | |
|---|---|
| Name: | Darr Anderson |
| Job or Title | Deputy |
| Address: | 1115 Albany St #137 |
| | Caldwell    Id    83605 |
| County | Canyon |

Telephone Number 208 454 7531

Email if known

✓ Individual capacity    ✓ Official capacity

Section II. (D)

"Under Idaho Code Title 19 – Criminal Procedure, death investigations, including those classified as 'unattended,' are governed by criminal procedural law. As such, any actions taken by officials during these investigations must adhere to constitutional safeguards and statutory requirements applicable to criminal matters, including protections under the Fourth and Fourteenth Amendments.

**Canyon County Coroner**

**Chief Deputy Coroner Steve Rhodes**

42.U.S.C 1983

### 1. Claim
**Fourth Amendment – Unlawful Search and Seizure**

Before the child was officially declared deceased, the chief deputy coroner, acting under color of law, entered the home and seized the child's prescription medication without a warrant, consent, or exigent circumstance. This seizure, occurring during a medical emergency and prior to lawful jurisdiction over a death investigation, constituted an unreasonable search and seizure in violation of the Fourth Amendment.

### 2. Claim
**Fourteenth Amendment – Procedural Due Process Violation (Failure to Apply Exemption)**

At the scene, the decedent's father informed the chief deputy coroner that his daughter had a known medical condition — epilepsy — and had suffered a seizure while taking a bath. Idaho Code § 19-4301(1)(c) states that no investigation is required for the death of a child with a known medical disease account for the death. Despite this, the chief deputy coroner failed to apply the exemption and allowed the matter to proceed as a criminal investigation. This disregard of the statutory safeguard deprived the family of due process under the Fourteenth Amendment.

### 3. Claim
**Fourteenth Amendment – Procedural Due Process Violation (Failure to Seek Physician Certification)**

Idaho Code § 19-4301(2) authorizes a physician to certify the death of a person, prior to any criminal investigative referral. The chief deputy coroner failed to consult or attempt to obtain such certification, despite clear medical history being present. Instead, the coroner bypassed this process and initiated steps leading to a criminal investigation, violating procedural due process protections.

## 4. Claim
## Unlawful Omission of Mandatory Referral

Mr. Rhodes failed to document or initiate in the coroner's report (0337/N/C20) the mandatory referral to law enforcement as required under Idaho Code 19-4301(2) for an unattended death. Despite this omission, law enforcement conducted a criminal investigation. This failure contributed to the deprivation of constitutional rights under the color of law by enabling law enforcement action without proper legal process. "These actions violated both procedural and substantive due process protections under the Fourteenth Amendment."


**Canyon County Sheriff's**
**Detective Bryce Smith Badge #5282**
42.U.S.C 1983

## 1. Claim

## Fourteenth Amendment – Procedural Due Process Violation (Medical Exemption Ignored)

The detective was informed by the father that the decedent had epilepsy and had suffered a seizure while taking a bath. He was aware of her medical condition and of the seizure medication present in the home. Despite Idaho Code § 19-4301(1)(c), which exempts deaths of children with known medical diseases from investigation accounts for the death, the detective proceeded with a criminal investigation. This violated procedural due process under the Fourteenth Amendment.

## 2. Claim

## Fourth Amendment – Warrantless Investigation and Entry After Death Declared

After the emergency medical response ended and death was declared, the detective remained inside the home with the chief deputy coroner to conduct a criminal investigation under Idaho Code 19-4301 (2), this included the detective taking pictures of the deceased child according to the coroner's report. No warrant was obtained or presented, and no valid legal exception applied. The detective's continued investigative presence violated the Fourth Amendment.

## 3. Claim

## Fourteenth Amendment – Procedural Due Process Violation (Removal From Residence and Parental Liberty)
The detective declared the home a crime scene under the authority of Idaho Code 19-4301 which governs procedures for death investigations. He directed the removal of the father from his own residence during the investigation. This action was taken without court order, consent, or lawful authority under Idaho law. It interfered with the father's liberty interest in familial association, the right to be present with his daughter at the time of her death and the right to be in his own

home. These acts, conducted under color of law, violated the father's constitutional rights to due process and parental liberty under the Fourteenth Amendment.

### 4. Claim

**Fourteenth Amendment – Violation of Parental Liberty and Dignity Post-Investigation**

After completing the investigation, the detective instructed the father to re-enter the home and dress his deceased daughter before the funeral home's arrival. This directive, given under the authority of law enforcement, failed to consider the father's personal, emotional, and familial rights. It imposed a state directive at an intensely private moment, interfering with the father's protected liberty interest in how he interacted with his child's remains and grieved. This action violated the Fourteenth Amendment.

### Canyon County Sheriffs

### Deputy Darr Anderson Badge #5247

42.U.S.C 1983

### 1. Claim

### Fourth Amendment – Unlawful Seizure and Detention

While an investigation was going on inside the home under Idaho Code 19-4301 (2), Outside the deputy restricted the father's movement by instructing him to remain within eyesight during the investigation. Although the deputy did not order the father outside the home, this directive effectively limited his freedom of movement without a warrant, probable cause, or legal justification. This restriction constituted a seizure under the Fourth Amendment, violating the father's constitutional protection against unlawful detention.

### 2. Claim

### Fourteenth Amendment – Violation of Liberty Interest and Familial Association

The deputy's actions in restricting the father's ability to move freely—by instructing him to stay within eyesight without legal justification—violated his liberty interest under the Fourteenth Amendment. This imposed limitation, absent a lawful order or due process, interfered with the father's right to bodily autonomy and freedom of movement, which are protected by the Due Process Clause.

**Monell Claim-Canyon County Sheriff's Office**

**1. Systemic Failure and Deliberate Disregard for Warrant Requirements by the Canyon County Sheriff's Department in Death Investigations**
42.U.S.C 1983

According to an April 18, 2017 Los Angeles Times article titled "An Idaho sheriff daunted by debate to investigate when children of faith-healing sect die," Canyon County Sheriff Kieran Donahue openly criticized the Canyon County Coroner's Office for failing to involve law enforcement in child death investigations. He warned that this practice could "result in a dangerous assumption about the nature of the death while also potentially corrupting the scene."

The article further notes: "Officers from the investigative unit Donahue formed say they are hampered by their inability to obtain search warrants or preserve potential crime scenes." Sheriff Donahue added: "Bodies are moved, the scene is cleaned, and witnesses to the death will not respond to questions from police officers. Deputies may not be called to the scene for hours after the coroner responds. They'll just stare at you, not saying a word, and at that point, our crime scene is gone. All we have is a body." He emphasized the disparity by stating: "It's an atrocity. If it was cattle being treated like this — no medical care, in distress — if you saw that from the street, we'd have a search warrant and we would be kicking down doors."

In March 2017, Sheriff Donahue also testified before the Idaho Senate State Affairs Committee in opposition to religious exemption. He asserted: "When people are exempt from the law, it is in conflict with the rule of law. We are a nation of laws." His testimony underscored a personal and professional commitment to consistent investigative practices and equal enforcement.

However, in a January 15, 2023 Idaho Statesman article titled "Idaho faith healing exemption still unchanged. Canyon County counts 8 more deaths," Donahue made a legally inaccurate claim by stating: "My job requires me to investigate all unattended deaths in Canyon County." Under Idaho Code § 19-4301, this is not accurate. The statute clearly allows exemptions for child deaths involving known medical diseases (§ 19-4301(1)(c)) and even provides that a physician may certify a natural death before any investigation is initiated (§ 19-4301(2)).

These public comments reflect longstanding awareness by Canyon County's highest-ranking law enforcement official of the legal limitations, warrant requirements, and scene preservation standards that govern death investigations. They further underscore the plaintiff's allegation that the actions taken in this case were not only unlawful but represent a broader pattern of systemic failure — particularly the inconsistent application of investigative authority under color of law in violation of constitutional protections.

**2. Improper Warrantless Investigation and Scene Documentation Under Color of Law**
42.U.S.C 1983

Following the ending of the emergency call, the Canyon County Sheriff's Department declared the residence a crime scene. The detective along — with the Chief Deputy Coroner present —

proceeded to conduct investigative procedures, that include photographing the body, without obtaining a warrant. These actions occurred while I was detained outside the home.

Despite the child having a known seizure disorder, and without any physician consultation under Idaho Code § 19-4301(2), officials moved forward with a full criminal investigation. The lack of judicial oversight and failure to secure a warrant, even after designating the home as a crime scene, constitute a violation of my Fourth Amendment rights and due process under the Fourteenth Amendment. The coroner and detective acted jointly under color of law, bypassing constitutional safeguards.

**Monell Claim-Canyon County Coroner**

**1. Policy Shift and Prior Experience of Elected Coroner**
42.U.S.C 1983

Following the election of Jennifer Crawford as Canyon County Coroner in 2019, a notable policy shift occurred regarding cooperation with law enforcement in child death investigations. Unlike her predecessor — who was publicly criticized for refusing to involve the sheriff's department in such cases — staff under Crawford's leadership referred the death of the plaintiff's daughter to law enforcement, despite the statutory exemption under Idaho Code § 19-4301(1)(c) for children with known medical conditions.

Crawford brought a dual background to the office: she previously served in the Canyon County Sheriff's Department from 2004 to 2008, performing duties that included evidence collection at crime scenes. She then worked as Senior Deputy Coroner from 2008 to 2015, gaining significant experience in death investigations. Given her long-standing involvement with both the coroner's office and law enforcement, her staff's decision to allow a legally exempt case raises serious concerns about training, policy direction, and administrative oversight.

This concern is further reinforced by Crawford's own public statement in the Idaho Statesman article dated February 16, 2020, where she declared:

"All child death cases are investigated consistently. It is my duty to serve the residents of Canyon County and to treat every death investigation the same and without bias. It doesn't matter where they live, who they are, or what their religious beliefs may be."

While the intention behind this statement may be framed as impartiality, in practice, it confirms a blanket policy that ignores lawful exemptions — including those under Idaho Code § 19-4301(1)(c) and § 19-4301(2). The latter provision allows a physician to certify the cause of death in cases where no investigation is legally required, providing an alternate, non-criminal pathway for handling deaths involving known medical conditions. There is no indication that coroner staff even attempted to contact a treating physician or consider physician certification — a failure that further violated both statutory mandates and the plaintiff's civil rights.

This blanket investigatory approach led directly to unnecessary law enforcement involvement, warrantless intrusion, and a breakdown of due process — all under color of law.

## 2. Systemic Misuse of "Unattended Death" to Override Statutory Exemptions
42.U.S.C 1983

Evidence suggests that Canyon County officials — particularly within the Coroner's Office — have adopted a pattern of broadly labeling child fatalities as "unattended deaths" in order to bypass statutory exemptions outlined in Idaho Code § 19-4301(1)(c), which specifically exempts child deaths from investigation when a known medical condition exists. In this case the coroner staff failed to apply this exemption and instead referred the matter to law enforcement for a criminal investigation. Notably, in 2017 Chief Deputy Steve Rhodes responded to a case involving the death of a three-year-old boy who also had seizures and died at home is mentioned as unattended death in county coroner record. This appears to reflect not merely a misunderstanding of the law, but a willful policy position.

Compounding the problem, Idaho law does not define what constitutes an "unattended death," leaving wide discretion to county officials to apply the term in ways that undermine statutory safeguards. This legal ambiguity has enabled authorities to override exemptions meant to protect families and bypass procedural requirements.

This practice has enabled constitutional violations under color of law and reflects a systemic failure by Canyon County agencies to honor state law, protect civil liberties, and apply the law equitably — especially in cases involving children with known medical conditions.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
See Attached

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
See Attached

B. What date and approximate time did the events giving rise to your claim(s) occur?
See Attached

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
See Attached

Section III.

**A.** At my residence, Caldwell, Canyon County Idaho

**B.** The events giving rise to this claim occurred on December 19, 2020. (Evening) Canyon County Case Sheriff Office # C20-35663 and Canyon County Coroner # 0337/N/C/20. "While I was aware that Idaho law provides an exemption for children with known medical disease recently, I was not informed and had no way of knowing that my daughter's death had been classified as "unattended death" until I received a letter from the county in May 2025. Additionally, upon receiving the coroner's report, I discovered it does not classify the case as an "unattended death," nor does it document the legally required referral to law enforcement, further confirming that the statutory exemptions were bypassed without proper justification. This classification triggered an unlawful investigation and seizure, in contradiction to the exemption, and it was at that time that I first became aware that my civil rights had been violated. Until that classification was disclosed, I had no basis to suspect that officials had ignored legal exemptions.

**C.** On the evening of December 19, 2020, I went and checked on my daughter who was taking a bath, I did not receive a response so I went in and found that she had suffered a tonic seizure, I noticed that she suffered a concussion from the tonic seizure, I called 911 for medical help, I informed the person on the call my daughter had epilepsy and I instantly started CPR with more evidence of a tonic seizure with blood instantly coming out.

The first to arrive on the scene was a deputy from Canyon County Sheriff's Office, Deputy Anderson pulled me off my daughter, did brief CPR until EMT'S showed up.

A detective named Mr. Smith from the Canyon County Sheriff's Office showed up; a Chief Deputy Corner Mr. Rhodes showed up, and a family friend came into the house.

While the EMT's were performing resuscitation on my daughter in my bedroom, (she was moved by personal from my bathroom to my bedroom for easier access to her) I explained to Chief Deputy Coroner Rhodes and Detective Smith in the dining room that I found she had suffered a tonic seizure, she was diagnosed with epilepsy at the age of four, that she has daily seizures and that she recently was treated by her epilepsy doctor in Boise for a medicine change because she started having tonic seizures recently on top of having absence seizures for the last fourteen years. This is confirmed in the coroner's report, which acknowledges her documented medical condition. "Chief Deputy Coroner Rhodes asked where all her medication was, and I showed him in the kitchen cabinet, and he removed both bottles of medication and handed them to Detective Smith.

Detective Smith informed me that I need to decide on ending treatment, I decided to call off the resuscitation because between the EMT's and my CPR nothing was working. I informed Detective Smith to end resuscitation, and Detective Smith instantly stated that this is a crime scene now, he instructed me to go outside with Deputy Anderson, I complied, and Detective Smith cleared the entire house except for Chief Deputy Coroner Rhodes and himself to conduct a criminal investigation. "According to the coroner's report, photographs were taken by the Canyon County Sheriff's Office. Based on the information available and my observations, Detective Smith, who was the only law enforcement officer inside with the coroner staff, likely took the photos. This occurred despite my informing responders of my daughter's epilepsy and known medical conditions.

Upon the exit of the house, my neighbor was with me and the deputy. I started to walk towards my pasture to call my daughters mother since she lived in a neighboring state and I wanted privacy, Deputy Anderson informed me I needed to stay within eyesight of him, and I complied with his instructions.

With the completion of the criminal investigation, Detective Smith stated we can all come back into the house now, everyone was in the dining room, Detective Smith then told me I needed to go dress my daughter before the funeral home arrived and I followed his instructions.

The funeral home arrived, I carried my daughter outside to the funeral home van, Deputy Anderson gave me a case number, and everyone from law enforcement to the coroner left my residence.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.
Mental Trauma -received Trauma Counseling

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.
Compensatory Damages- Basis: emotional distress, mental trauma, and loss of civil rights under the Fourth and Fourteenth Amendment and interference during a time of personal loss.
$200,000 or an amount determined by the court

Punitive Damages- Basis: Willful disregard of clearly established constitutional rights, including unlawful search, detention, and denial of due process, carried out under color of law by officials with authority and knowledge of legal boundaries.
$300,000 or an amount determined by the court

Plaintiff seeks recovery of court costs pursuant to 42. U.S.C. 1988 as part of relief for proven constitutional violations, including filing fees, service of process, and other related expenses

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/1/25

Signature of Plaintiff    [signature]
Printed Name of Plaintiff    Allen W. Hodges

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                          *City*           *State*     *Zip Code*

Telephone Number
E-mail Address